UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                          No. 03-4341

ANTHONY GRANDISON, JR.,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-02-368-JHM)

Submitted: October 22, 2003

Decided: November 12, 2003

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Anthony D. Martin, SOLOMAN & MARTIN, Greenbelt, Maryland,
for Appellant. Thomas M. DiBiagio, United States Attorney, John F.
Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony Grandison appeals his conviction for taking a motor vehicle by force with the intent to cause serious bodily injury or death in violation of 18 U.S.C. § 2119 (2000). Grandison asserts that there was insufficient evidence that he possessed the intent to cause death or serious bodily harm. We find that a reasonable jury could have determined that Grandison would have caused death or serious bodily harm if necessary and therefore affirm Grandison's conviction.

The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the government. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). The uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997).

Section 2119 provides that, "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both." 18 U.S.C. § 2119 (2000).

The intent requirement of § 2119 is satisfied when the government proves that at the moment the defendant demanded or took control of

the vehicle, that the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car. *Holloway v. United States*, 526 U.S. 1, 12 (1999). The government need not prove that the defendant actually intended to cause the harm, it is sufficient that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle. *United States v. Wilson*, 198 F.3d 467, 470 (4th Cir. 1999).

We conclude that when the evidence is construed in the light most favorable to the government, it is sufficient to permit a reasonable fact finder to conclude beyond a reasonable doubt that Grandison would have caused death or serious bodily harm if necessary to take the van. Accordingly, we affirm Grandison's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*